UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS A. PETERSON,                         Case No. 12-11047

        Plaintiff,                         District Judge George Caram Steeh

v.                                          Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

On March 8, 2012, Plaintiff Marcus A. Peterson filed a *pro se* complaint under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision denying his application for Disability Insurance Benefits and Supplemental Security Income Benefits pursuant to Title II and Title XVI of the Social Security Act. The case has been referred for a Report and Recommendation ("R&R") on dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the action be DISMISSED WITH PREJUDICE under Fed.R.Civ.P. 41(b) and E.D. Mich. L.R. 41.2, for Plaintiff's failure to prosecute.

### I.   FACTS

Plaintiff file his complaint *pro se* on March 8, 2012. On June 6, 2012, the Court entered a scheduling order under which Plaintiff's motion for summary judgment was due on July 6, 2012. On August 16, 2012, after Plaintiff failed to file his motion by the due date, the Court ordered him to show cause why his complaint should not be dismissed for failure to prosecute [Doc. #12]. On August 27, 2012, Plaintiff responded to the show cause order, stating that he had not received the Court's scheduling order [Doc. #13]. The

Court then vacated the show cause order, and extended the time for Plaintiff to file his brief to March 11, 2013 [Doc. #14]. In that order, the Court advised Mr. Peterson that in view of the fact that he was proceeding without a lawyer, his motion did not have to be in standard legal format, and that he could simply file a letter stating what errors he thought the Administrative Law Judge made, and why he thinks he is entitled to benefits. The Court also warned Mr. Peterson as follows: "However, if Mr. Peterson does not file his brief timely, I will recommend that his case be dismissed for failure to prosecute." *Id*.

To date, Mr. Peterson has neither filed his motion for summary judgment nor asked the Court for additional time to do so.

## II.   LEGAL PRINCIPLES

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir. 2001).

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion   in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

L.R. 41.2, which permits dismissal for failure to prosecute on the court's own motion, states:

> "[W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown.

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich. 2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.*; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id.*

### III.  DISCUSSION

As to the first *Knoll* factor, and without addressing the issue of willfulness or bad faith, this *pro se* plaintiff is clearly at fault for not complying with the Court's second scheduling order, in which I gave him significant additional time,

to March 11, 2013, to file his motion. In addition, I specifically relaxed the formatting requirements in deference to his *pro se* status, allowing him to file a narrative statement in lieu of a formal brief.

Looking at the second factor, there is no identifiable prejudice to the Defendant at this point, beyond the lengthy passage of time. The third factor, however, weighs heavily against the Plaintiff, since he was given very clear notice that his failure to file a motion would lead to dismissal.

Finally, as to the fourth factor, this is not a case where, for example, an attorney's deficient performance can be sanctioned short of dismissing his or her client's case. *See Mulbah, supra*. The Plaintiff was given additional time to file his motion, and was warned that failure to do so would lead to dismissal. Numerous cases in this District have dismissed Social Security complaints pursuant to Rule 41(b) under similar circumstances. *See Herbers v. Comm. of Soc. Sec.*, 2012 WL 12761 (E.D. Mich. 2012)(Cook, J.);*Yax v. Comm. of Soc. Sec.*, 2011 WL 3034914 (E.D. Mich. 2011)(Battani, J.); *Gayles v. Comm. of Soc. Sec.*, 2010 WL 3582553 (E.D. Mich. 2010)(Rosen, J.); *Montgomery v. Comm. of Soc. Sec.*, 2010 WL 2181431 (E.D. Mich. 2010); *Miles–Richardson v. Comm'r of Soc. Sec.,* No. 09–11275, 2010 WL 1790976 (E.D.Mich. 2010) (Zatkoff, J.); *McNaughton v. Comm'r of Soc. Sec.,* 2009 WL 4646029 (E.D.Mich. 2009) (Borman, J). Likewise in this case, dismissal is appropriate.

### IV. CONCLUSION

For these reasons, I recommend that Plaintiff's complaint be DISMISSED WITH PREJUDICE under Fed.R.Civ.P. 41(b) and E.D. Mich. L.R. 41.2, for Plaintiff's failure to prosecute.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 9, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 9, 2013.

| | |
|---|---|
| Marcus A Peterson<br>P.O. Box 2336<br>60 E Milwaukee St<br>Detroit, MI 48202-8200 | s/Johnetta M. Curry-Williams<br>Case Manager |